IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Sheldon A. Epstein,

        Plaintiff,

        v.

Town of Bluffton,

        Defendant.

C/A NO.: ___9:19-cv-2251-DCN-BM___

COMPLAINT

Jury Trial Requested

Plaintiff Sheldon A. Epstein ("Plaintiff Epstein"), files this Complaint against Defendant Town of Bluffton ("Defendant" or "Bluffton PD"); through his undersigned attorney, respectfully alleges unto this Honorable Court as follows:

## **NATURE OF THE ACTION**

1.  This is an employment action arising out of the Age Discrimination in Employment Act of 1967 § 29 U.S.C. 621 et seq. (ADEA) Plaintiff Sheldon A. Epstein is a former Captain with the Town of Bluffton's Police Department. Plaintiff was stripped of his command authority and was subject to a continuing pattern of mistreatment and humiliation due to his age. Defendant constructively terminated Plaintiff' by making his working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

## **PARTIES**

2.  Plaintiff Epstein is a citizen and resident of Beaufort County, South Carolina.

3.      Upon information and belief, Defendant is a governmental agency organized and doing business in Beaufort County with an address of 101 Progressive Street Bluffton, South Carolina 29910.

## JURISDICTION & VENUE

4.      This Court has personal and subject matter jurisdiction over the claims raised in this Complaint.  Venue is proper, as Bluffton PD is a governmental agency conducting business in this judicial division, and the acts and/or omissions giving rise to the causes of action occurred in Beaufort County, South Carolina.

5.      Upon information and belief, Defendant is operating by virtue of laws of the State of South Carolina, and at all times herein, is operating as a Police Department within the State of South Carolina and more particularly Beaufort County.

6.      At all relevant times, Defendant continuously employed twenty or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year and is Age Discrimination in Employment Act ("ADEA") § 29 U.S.C. 621 et seq.

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8.      Plaintiff Epstein is a sixty-three-year-old (63) male and is a member of a protected class, as required by the relevant Federal Statutes.

9.      Plaintiff has exhausted his administrative remedies, having utilized the employers internal grievance mechanisms and filed the appropriate complaints with the U.S. Equal Employment Opportunity Commission ("EEOC").

10.     Within 300 days of the unlawful employment practices complained of here, Plaintiff Epstein filed a Charge with the EEOC, *Sheldon Allan Epstein v. Town Bluffton EEOC 415-2018-01015* and he was provided with his Notice of Right to Sue letter dated May 13, 2019. (Exhibit 1).

11.     Plaintiff Epstein has timely filed this action within ninety (90) days of the date of his Notice of Right to sue letter from the EEOC.

12.     Based upon the above, jurisdiction and venue are proper in this Court.

## **FACTS**

13.     The Town of Bluffton is governed by the mayor and four council members. Together they constitute the legislative body. The Town of Bluffton operates under the council-manager form of government.  The town manager is appointed by the town council.

14.     The Bluffton Police Department is comprised of approximately forty (40) police officers. The Chief of Police is appointed and oversees the operations of the police department with the assistance of two Captains.

15.     Plaintiff Epstein obtained his Bachelor of Arts from Carnegie-Mellon University and has received numerous awards and commendations during his forty-two-year (42) career in law enforcement.

16.     In April 2013, Plaintiff Epstein was hired by the Bluffton Police Department as a patrol officer.  Within a short time, Plaintiff received several promotions to the position of captain.

17.     During his career with the Bluffton PD, Plaintiff Epstein never had any disciplinary actions, nor did he have any citizen complaints or inter departments complaints regarding his service.

18.     In 2015, Plaintiff Epstein was nominated by his peers as Police Officer of Year. Additionally, Plaintiff Epstein has had pay raises commensurate with his promotions, as well as annual merit increases, which are awarded to employees based upon work performance.

19. Until recently, Plaintiff Epstein was the Operations Command Captain, second in command under Bluffton Police Chief Joseph Manning ("Chief Manning"). Plaintiff Epstein was also the acting Police Chief in Chief Manning's absence.

20. Under Chief Manning, the Bluffton PD had two Captains: Plaintiff Epstein and Captain Joseph Babkiewicz ("Captain Babkiewicz"). Plaintiff Epstein is older and has more command experience than Captain Babkiewicz, therefore, Plaintiff Epstein served as Acting Chief when Chief Manning was out of town.  Additionally, Captain Babkiewicz was previously subject to disciplinary action while employed at the Bluffton PD.

21. During Chief Manning's tenure as Police Chief, he openly stated on several occasions to members of the Bluffton PD that Plaintiff Epstein was second in command of the department, and Captain Babkiewicz was third in command.

22. On April 10, 2018, Chief Manning resigned.

23. Plaintiff along with Captain Babkiewicz submitted applications for the Chief position.

24. Although Plaintiff Epstein was the most experienced officer in the Bluffton PD and he had served as Acting Chief on several occasions while Chief Manning was away; Town Manager, Marc Orlando, ("Mr. Orlando") appointed Lieutenant Scott Chandler ("Lt Chandler") to serve as Interim Police Chief on April 12, 2018.

25. Lt Chandler is significantly younger and does not have a comparable degree of command level experience to Plaintiff Epstein.  Lt Chandler ("Interim Chief Chandler" and/or "Lt. Chandler") is a lower rank and was subject to previous disciplinary action at the Bluffton PD.

26. Since Chief Manning's resignation, Plaintiff Epstein experienced discrimination, harassment, and a hostile work environment based upon his age from Mr. Orlando, Lt Chandler and Captain Babkiewicz.

27.     On April 16, 2018, Plaintiff Epstein met with Interim Chief Chandler and Captain Babkiewicz.  Interim Chief Chandler informed Plaintiff Epstein, he was planning to implement a reorganization of the department and was going to significantly reduce Plaintiff's role.

28.     Interim Chief Chandler informed Plaintiff Epstein that he and Mr. Orlando had spoken, and they decided to significantly reduce Plaintiff Epstein's role in the department. Chief Chandler said Mr. Orlando was "on board" with the plan.

29.     Since Interim Chief Chandler would only be the Interim Chief until a permanent replacement was selected it was unusual for someone in a short-term position to make major changes.  Plaintiff Epstein asked Interim Chief Chandler to reconsider his re-organization, since his replacement might disagree with what he was about to do and would likely cause confusion if the permanent Chief changed the department structure again.

30.     On April 17, 2018, Interim Chief Chandler reassigned Plaintiff Epstein's responsibilities to Captain Babkiewicz, stripping Plaintiff Epstein's of his operational responsibilities.

31.     Plaintiff Epstein was made "support commander" which was previously a lieutenant's job.

32.     Interim Chief Chandler and Captain Babkiewicz, excluded Plaintiff from all important activities and decision within the department.

33.     Plaintiff was advised that he responsible for training Lieutenant Gonzales ("Lt Gonzales"), who was significantly younger.

34.     It was apparent to Plaintiff Epstein that Interim Chief Chandler intended to push Plaintiff Epstein out of the department so that Lt Gonzales could take over as support commander.  In fact, Lt Gonzales specifically told Plaintiff Epstein that he needed to learn Plaintiff's job so when Plaintiff leaves, he can do his job.

35. Plaintiff Epstein was assigned to be the Acting Chief from May 7 until May 11, 2018 because Interim Chief Chandler was attending a training class out of state.

36. During this time, Interim Chief Chandler and Captain Babkiewicz intentionally withheld, their knowledge of a "gun rights" protest which was scheduled to occur during a town festival called MayFest on May 12th. The information was necessary for Plaintiff Epstein to perform his job as Acting Chief.

37. Plaintiff Epstein should have been informed so he could give prompt notice of the protest to Mr. Orlando, who was responsible to notify the Mayor members of Town Council. Additionally, had Plaintiff Epstein know of the guns rights protest, he would have planned to have additional security at the festival and instructed the Officers working the event accordingly.

38. Upon information and belief, Chief Chandler and Captain Babkiewicz withheld this information from Plaintiff Epstein to make him look bad.

39. On May 29, 2018 at approximately 8:00 A.M. Plaintiff Epstein was walking past Mr. Orlando's Office at Bluffton Town Hall. Mr. Orlando summoned Plaintiff to his office and asked Plaintiff to close the door, saying "let's talk." Mr. Orlando then proceeded to berate and demean him for 20 to 30 minutes on a variety of issues.

40. Mr. Orlando threaten to remove Plaintiff Epstein's application for the Chief position.

41. Plaintiff told Mr. Orlando, that he had been stripped of all operational authority and was moved to a position that was previously the responsibility of a lieutenant. Mr. Orlando told Plaintiff he agreed with the actions that the Interim Chief had taken. Mr. Orlando also told Plaintiff Epstein he felt that Plaintiff had too much responsibility during the administration of Chief Manning.

42.     On May 30, 2018, Mr. Orlando requested Plaintiff Epstein come to his office again.  During this meeting, like the earlier meeting, Mr. Orlando bullied and berated Plaintiff.   Mr. Orlando also demeaned Plaintiff's experience with the Pennsylvania State Police.

43.     After the meeting on May 30, 2019, Plaintiff Epstein was reluctant to meet with Mr. Orlando again due to the adversarial atmosphere that existed during their prior meetings.

44.     Plaintiff Epstein felt that Mr. Orlando's efforts to meet were veiled efforts to either force him to resign or  to find sufficient reason to terminate Plaintiff's employment with the Bluffton PD.

45.     Interim Chief Chandler and Mr. Orlando, were making Plaintiff's working condition intolerable.  Interim Chief Chandler had taken away all of Plaintiff Epstein's authority and was assigning him demeaning tasks.  Plaintiff felt humiliated at work.  Mr. Orlando was constantly requiring M. Epstein to attend meetings, that consisted of Mr. Orlando criticizing him for no apparent reason.

46.     Plaintiff Epstein believed Interim Chief Chandler and Mr. Orlando were treating him this way due to his age; because they were not treating the younger Officers in the same manner they were treating him.

47.     The stress he was experiencing at work was taking a toll on Plaintiff's health.

48.     On June 11, 2018, Plaintiff Epstein resigned from the Bluffton PD.

49.     After Plaintiff Epstein submitted his letter of resignation, Interim Chief Chandler never made any effort to discuss the matter with him.  Plaintiff was not offered an Exit Interview Form, which is the customary practice for employees who are separating.

50.     Plaintiff Epstein experienced retaliation, discrimination, harassment based upon his age.

51.    Because of Defendant's actions, Plaintiff Epstein has suffered mental distress and has incurred costs, attorney's fees, and suffered other actual and punitive damages.

52.    Plaintiff Epstein seeks an award of actual and punitive damages and costs and attorney's fees in such amounts as are just and proper.

**FIRST CAUSE OF ACTION**
**Violation of the Age Discrimination in Employment Act**
**(Discrimination and Retaliation based upon Age)**

53.    Plaintiff incorporates all allegations above into this cause of action.

54.    Plaintiff is a member of a protected group based upon his age. Plaintiff was an employee for a position that he was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against and has been constructively discharged from his position due to his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §630.

55.    Defendant was wanton and intentional in the discrimination of Plaintiff in the following ways:

a. Defendant stripped him of all his command authority;
b. Threaten to not allow him to participate in the promotional process;
c. Withheld information Plaintiff needed to do his job;
d. Constantly criticized and berated Plaintiff for no legitimate reason;
e. Defendant did not do the same to younger employees;

56.    As a direct and proximate result of Defendant's violations of the ADEA of 1967, as amended 29 U.S.C. §630, Plaintiff has suffered and will continue to suffer emotional distress.

57.    Defendant violated the ADEA of 1967, as amended 29 U.S.C. §630 by allowing discrimination to exist in the workplace.

58.    Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for Plaintiff. Defendant violated the ADEA of 1967, as amended 29 U.S.C. §630, by allowing a hostile work environment to exist regarding age discrimination in the workplace.

59.    That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature and in violation of the ADEA of 1967, as amended 29 U.S.C. §630.

60.    Plaintiff's age was a determination factor in the retaliation, disparate treatment, and discharge of Plaintiff. But for Plaintiff's age, he would not have been discriminated against.

61.    Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial a further direct and proximate result of Defendants violation of the ADEA.

62.    Plaintiff has been compelled to retain the services of counsel in an effort to, enforce the terms and conditions of the employment relationship with Defendants. He has incurred, and will continue to incur, legal fees and costs. Plaintiff requests attorney's fees be awarded pursuant to 42 U.S.C. § 2000e-5(k).

63.    Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously, and with utter disregard for Plaintiff's rights protected by federal law and, therefore, Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff Epstein requests judgment be entered against Defendant Bluffton Police Department on all causes of action and that Plaintiff be awarded: (1) actual damages; (2) consequential damages; (3) special damages; (4) punitive damages; (5) compensatory and liquidated damages pursuant to 29 U.S.C. § 216(b) (2000); (7) prejudgment interest; (6) attorney's fees and court costs pursuant to 42 U.S.C. § 2000e-5(k), S.C. (7) such other and further relief as the Court and jury deem just and appropriates.

.

Respectfully submitted,


s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037 Chuck Dawley Blvd 100
Mount Pleasant, South Carolina 29464
 (843) 588-5587 Phone
 (843) 593-9334 Fax
marybeth@mullaneylaw.net
**Attorney for Plaintiff**

Charleston, South Carolina
August 12, 2019

10